UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOSHE CHALOUH,<br><br>Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT; POLICE OFFICER JOHN/JANE DOE 1-10<br><br>Defendants. | **CIVIL ACTION**<br>**Docket No. 24-CV-7198**<br><br>**JURY TRIAL DEMANDED** |

**PRELIMINARY STATEMENT**

1.     This is a civil rights action to recover money damages arising out of Defendants' violation of Plaintiff, MOSHE CHALOUH's, rights as secured by the Civil Rights Act, 42 U.S.C. Section 1985(3), 42 U.S.C. Section 1983, the rights secured by the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York. Plaintiff was unlawfully arrested and prosecuted by the Defendants. Plaintiff was deprived of his federal constitutional and state common law rights when the individually-named police officer defendants, acting on behalf of the municipal defendants, unlawfully approached, stopped, frisked, arrested, assaulted and confined Plaintiff without legal authority to do so.

**JURISDICTION AND VENUE**

2.     This civil rights action raises federal questions under the United States Constitution, specifically the First, Fourth and Fourteenth Amendments and is brought pursuant to 42 U.S.C. §§ § 1983 and 1985(3).

1

3. This Court has jurisdiction over Plaintiffs' federal claims under U.S. Const., Art. III., Sec. 2, and under 28 U.S.C. §§ 1331, 1343.

4. This Court has authority to award damages under 28 U.S.C. § 1343, and reasonable attorney fees and costs under 42 U.S.C. § 1988.

5. Venue is proper in this Court under 28 U.S.C. § 1391(a) and (b) because, upon information and belief, all defendants are located within this District and the events, acts or omissions giving rise to the claims occurred in this District.

## PARTIES

6. Plaintiff **MOSHE CHALOUH** is a resident of the State of New York and Kings County.

7. POLICE OFFICER **JOHN/JANE DOE 1 through 10,** are and was at all times relevant herein, officers, employees, and agents of the NEW YORK CITY POLICE DEPARTMENT, who at all times relevant to this case, were, upon information and belief, assigned to the 44 Precinct in the Bronx and 68 Precinct in Brooklyn.

8. The above-mentioned individual police officers are being sued in their individual capacity and official capacity.

9. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The individual defendants were acting for and on behalf of Defendants NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NEW YORK CITY POLICE DEPARTMENT and incidental to the lawful

pursuit of their duties as officers, employees and agents of the NEW YORK CITY POLICE DEPARTMENT.

10. At all times relevant hereto, defendant CITY OF NEW YORK, operated, maintained, managed, supervised and controlled the Defendant NEW YORK CITY POLICE DEPARTMENT (NYPD) as part of and in conjunction with its municipal function. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which the CITY OF NEW YORK is ultimately responsible. The defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NEW YORK CITY POLICE DEPARTMENT.

11. At all times relevant hereto, defendant NEW YORK CITY POLICE DEPARTMENT was and is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to operate as a police department, whose duty it is to enforce New York State Law within the City of New York. The defendant NEW YORK CITY POLICE DEPARTMENT assumes the risks incidental to the maintenance of said police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NEW YORK CITY POLICE DEPARTMENT.

12. Plaintiff in furtherance of his State causes of action, filed a timely Notice of Claim upon the CITY OF NEW YORK in compliance with Municipal Law Section 50 relative to his pendent state law claims.

13. On March 14, 2024, a hearing pursuant to section 50(h) of the New York State Municipal Law of Plaintiff was conducted. Thus, Plaintiff has complied with section 50(h) and is permitted to bring pendant state law claims.

14. More than thirty (30) days have elapsed since service of said Notice of Claim was filed and the CITY OF NEW YORK has failed to pay or adjust the claim.

## STATEMENT OF FACTS

15. On October 15, 2023, at approximately 10:00 AM, Plaintiff, was operating his motor vehicle in the Bronx, New York City, when he was carjacked at gunpoint.

16. Shortly thereafter, that same day, Plaintiff reported his vehicle stolen to the NYPD.

17. On the evening of October 15, 2023, Plaintiff was contacted by members of the NYPD from the 44th Precinct located in the Bronx, who informed Plaintiff that his vehicle had been located and that he should come pick it up.

18. Pursuant to these instructions from Officers of the NYPD, on the evening of October 15, 2023, Plaintiff caused for his vehicle to be retrieved from the location in the Bronx, where it had been located by members of the NYPD.

19. On October 16, 2023, at approximately 7:00 p.m., Plaintiff was lawfully operating his vehicle on the Belt Parkway in Brooklyn, New York, within the Eastern District of New York, State of New York.

20. Plaintiff was surrounded by several NYPD vehicles, some of which were from the 68 Precinct, and ordered to pull over.

21. Thereafter, Plaintiff was forcibly removed from his vehicle at gunpoint and handcuffed, which caused him personal injuries.

22. When Plaintiff informed the officers on scene that he was the rightful and lawful owner of said vehicle, the officers ignored him. Plaintiff also furnished documentation proving that he was the lawful owner of the vehicle.

23. Nonetheless, Plaintiff was forcibly removed from the scene in handcuffs and detained at the precinct for several hours before being released from jail with no charges.

24. At the time of his release from custody, Plaintiff was informed by an officer of the 68 Precinct that the officers in the Bronx who had located his vehicle had inexplicably failed to cancel the "Stolen Car Alarm" attached to Plaintiff's vehicle due to him reporting it stolen on October 15, 2023, despite the vehicle having been located and the police being aware of said fact.

25. Given the forgoing, the police conduct in this case was grossly negligent, wonton, careless, reckless, incompetent, unlawful and unconstitutional. Plaintiff's arrest was without any justification, legal right, reasonable suspicion, probable cause or other legal authority.

26. As a result of the above actions of the police in this case, Plaintiff was caused to sustain a bruising, lacerations, abrasions, embarrassment, humiliation, severe phycological and emotional harm, loss of liberty and serious physical injuries. Plaintiff was also caused to suffer economic harm as a result of the police action in this case.

27. Some of the named Defendant-Officers observed the violations of Plaintiff's rights under the Constitution of the United States and New York State Law and did nothing to prevent these violations.

## **FIRST CAUSE OF ACTION**

**42 U.S.C. §1985(3) – Conspiracy to Violate Plaintiff's Rights Secured by the First, Fourth, Fifth, Ninth and Fourteenth Amendment to the United States Constitution**

28.     The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 27 with the same force and effect as if more fully set forth at length herein.

29.     All of the aforementioned Defendants, acting under color of state law, conspired to violate Plaintiff's Civil Rights by agreeing among themselves to all of the foregoing unlawful acts and omissions, including, but not limited to, the unlawful approach, stop, question, frisk, wrongful and unlawful arrest, and malicious prosecutions of Plaintiff and to commit abuse of process and to not produce exculpatory evidence against Plaintiff in a timely manner.

30.     This conspiracy by Defendants and all acts in furtherance thereof, while acting under color of law, deprived Plaintiff of rights, privileges and immunities secured by the Constitution and Laws of the United States, including, but not limited to, those rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, including, but not limited to, the following deprivation of constitutional rights, privileges and immunities in that:

   a) Plaintiff was denied his right to free speech;

   b) Plaintiff was denied his constitutional right not to be deprived of liberty without due process of law;

   c) Plaintiff was denied his right to constitutional substantive and procedural due process;

   d) Plaintiff was denied the equal protection of the laws;

e) Plaintiff was denied his constitutional right to be free from unlawful and unreasonable searches and seizures; and

f) Plaintiff was deprived to his right to liberty;

31. To the extent that any of these constitutional deprivations require a showing of specific intent and/or motive, the individual defendants acted intentionally, maliciously, with racially and ethnically discriminatory motives and/or with reckless disregard for the natural and probable consequences of their acts.

32. As a result of the aforementioned conspiracy, unlawful acts, and omissions, conducted without lawful justification by Defendants, Plaintiff sustained injuries, including but not limited to, emotional and psychological distress, embarrassment and humiliation, economic, and monetary damages, loss of the right to due process and a fair trial, loss of liberty, and deprivation of his constitutional rights, all of which are guaranteed under 42 U.S.C. § 1985(3) and the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution.

## SECOND CAUSE OF ACTION

**42 U.S.C. § 1983 – Unlawful Stop, Question, Frisk, Search and Arrest (Fourth Amendment and Fourteenth Amendment to the United States Constitution)**

33. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 32 with the same force and effect as if more fully set forth at length herein.

34. The illegal approach, stop, questioning, frisk, search and arrest employed by the individual Defendants acting on behalf of the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT herein terminated Plaintiff's freedom of movement and liberty through means intentionally applied.

35. The conduct of defendants in approaching, stopping, frisking, searching and arresting Plaintiff were performed under color of law and without any reasonable suspicion of criminality or other constitutionally-required grounds.

36. As a direct and proximate result of such acts of said Defendants, Plaintiff was deprived of his rights under the laws of the United States Constitution and protected by 42 U.S.C. § 1983.

37. The individually named Defendants were at all times agents, servants, and employees acting within the scope of their employment by the Defendants CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

38. The CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

39. As a result of the aforementioned unlawful acts and omissions, conducted without lawful justification by Defendants, Plaintiff sustained injuries, including but not limited to, emotional and psychological distress, embarrassment and humiliation, economic, and monetary damages, loss of the right to due process and a fair trial, loss of liberty, and deprivation of his constitutional rights, all of which are guaranteed under 42 U.S.C. § 1983 and the United States Constitution.

### THIRD CAUSE OF ACTION

**42 U.S.C. § 1983 – Violation of Plaintiff's Fifth and Fourteenth Amendment Rights to Due Process**

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 39 with the same force and effect as if more fully set forth at length herein.

41. Defendants, individually and collectively, manufactured false evidence, withheld exculpatory evidence, provided misleading accounts and created misleading reports.

42. As a result of these actions, the Defendant caused the filing and maintenance of false and unfounded criminal charges against Plaintiff.

43. As a result of the aforementioned conduct of said Defendants, Plaintiff sustained injuries, including but not limited to emotional and psychological, emotional distress, embarrassment and humiliation, economic, and monetary damages, loss of the right to due process and a fair trial, loss of liberty, and deprivation of his constitutional rights.

44. The individual named Defendants were at all times agents, servants, and employees acting within the scope of their employment by the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

45. The CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

46. As a result of the aforementioned unlawful acts and omissions, conducted without lawful justification by Defendants, Plaintiff sustained injuries, including but not limited to, emotional and psychological distress, embarrassment and humiliation, economic, and monetary damages, loss of the right to due process and a fair trial, loss of liberty, and deprivation of his constitutional rights, all of which are guaranteed under 42 U.S.C. § 1983 and the United States Constitution.

## **FOURTH CAUSE OF ACTION**

### **Pendant State Common Law Claim – False Arrest and False Imprisonment**

47. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 46 with the same force and effect as if more fully set forth at length herein.

48. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York.

49. Defendants intended to confine plaintiff and, in fact, confined Plaintiff, and Plaintiff was conscious of the confinement.

50. In addition, Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

51. As a direct and proximate result of such acts, defendants deprived plaintiff of his rights under the laws of the State of New York and the United States Constitution.

52. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

53. The CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

54. As a result of the aforementioned unlawful acts and omissions, conducted without lawful justification by Defendants, Plaintiff sustained injuries, including but not limited to, emotional and psychological distress, embarrassment and humiliation, economic, and monetary damages, loss of the right to due process and a fair trial, loss of liberty, and deprivation of his constitutional rights, all of which are guaranteed under New York State law.

## **FIFTH CAUSE OF ACTION**

**Pendant State Common Law Claim – Negligent Infliction of Emotional Distress**

55. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 54 with the same force and effect as if more fully set forth at length herein.

56. By the actions described herein, defendants, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

57. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

58. As a direct and proximate result of such acts, defendants deprived plaintiff of her rights under the laws of the State of New York.

59. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

60. The CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

61. As a result of the aforementioned unlawful acts and omissions, conducted without lawful justification by Defendants, Plaintiff sustained injuries, including but not limited to,

11

emotional and psychological distress, embarrassment and humiliation, economic, and monetary damages, loss of the right to due process and a fair trial, loss of liberty, and deprivation of his constitutional rights, all of which are guaranteed under New York State law.

## SIXTH CAUSE OF ACTION
### Negligent Hiring, Retention, Training and Supervision

62. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 61 with the same force and effect as if more fully set forth at length herein.

63. The CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train, and supervise the individual defendants, individuals who were unfit for the performance of police duties on the aforementioned dates at the aforementioned locations.

64. As a result of the aforementioned unlawful acts and omissions, conducted without lawful justification by Defendants, Plaintiff sustained injuries, including but not limited to, emotional and psychological distress, embarrassment and humiliation, economic, and monetary damages, loss of the right to due process and a fair trial, loss of liberty, and deprivation of his constitutional rights, all of which are guaranteed under New York State law.

## SEVENTH CAUSE OF ACTION
### Failure to Intervene

65. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 64 with the same force and effect as if more fully set forth at length herein.

66. The defendants who did not physically touch plaintiff, but were present when other officers violated Plaintiff's Constitutional Rights had an affirmative duty to intervene on behalf of

plaintiff, whose State and Federal constitutional rights were being violated in their presence by other officers.

67. Defendants failed to intervene to prevent the unlawful conduct described herein.

68. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subject to other physical constraints.

69. As a direct and proximate result of such acts, defendants deprived plaintiff of his rights under the laws of the State of New York and the United States.

70. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

71. The CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

72. As a result of the aforementioned unlawful acts and omissions, conducted without lawful justification by Defendants, Plaintiff sustained injuries, including but not limited to, emotional and psychological distress, embarrassment and humiliation, economic, and monetary damages, loss of the right to due process and a fair trial, loss of liberty, and deprivation of his constitutional rights, all of which are guaranteed under New York State law.

### **TIMELINESS OF PLAINTIFF'S CLAIMS**

73. The applicable statute of limitations for Plaintiff's claims is 1 year and 90 days or 455 days. *See* CPLR § 217-A.

74. All claims brought herein are within the applicable statute of limitations.

## **JURY DEMAND**

75. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff MOSHE CHALOUH demands judgment and prays for the following relief, jointly and severally, against Defendants:

1) Special and Compensatory damages in an amount to be determined upon the trial of the action;

2) Punitive damages in an amount to be determined upon the trial of the action;

3) Reasonable attorneys' fees, costs and disbursements of the action pursuant 42 U.S.C. § 1988, Fed. R. Civ. P. 54, and any other applicable law;

4) Interest upon any monetary award made in this case; and

5) Such other and further relief as the Court deems just and proper.

Dated: October 13, 2024

New York, New York

/s/ JOSEPH Z. AMSEL, ESQ.
LAW OFFICES OF JOSEPH Z. AMSEL, PLLC
*Attorney for Plaintiff*
43 West 43rd Street, Suite 265
New York, NY 10036
Office: 888-558-7425
Fax: 212-437-9844
JZAmsel@AmselLaw.com