UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

MOSHE CHALOUH,

Plaintiff,

-against-

CITY OF NEW YORK; NEW YORK CITY POLICE
DEPARTMENT; JAMES BORRERO (Tax ID 973962, Shield
No. 2324), AALIYAH CARD (Tax ID 964969, Shield No.
27054), LOUIS VANNUCCI (Tax ID 959330, Shield No. 19072),
PEDRO LOPEZ (Tax ID 950777, Shield No. 18366),
NICHOLAS ROSADO (Tax ID 970161, Shield No. 18688),
ANTONIO MEYERS (Tax ID 966715, Shield No. 08696),
RYAN THATCHER (Tax ID 973804, Shield No. 03463),
TIMOTHY COMMANDER (Tax ID 960385, Shield No. 06072),
HECTOR SANTINI (Tax ID 947296, Shield No. 02205), ALI
AHMED (Tax ID 960131, Shield No. 14014), BRENT
CASTILLO (Tax ID 971006, Shield No. 25982), BRENDAN
FINNIGAN (Tax ID 963031, Shield No. 22644), MATTHEW
COFFARO (Tax ID 969593, Shield No. 03042), ANTHONY
CARAVANA (Tax ID 963432, Shield No. 04908),
RIDHWANUL RABBE (Tax ID 969307, Shield No. 25619),
TRAVIS ANDREU (Tax ID 963375, Shield No. 963375),
DAHUAN LI (Tax ID 963118, Shield No. 20848), JOSEPH
GRAZIADIO (Tax ID 966605), JASEN E PEREZ (Tax ID
949470) and Sergeant STANISLAV KUSHNIR (Tax ID 947764,
Shield No. 02359),

Defendants.

**CIVIL ACTION**
**Docket No. 24-CV-7198**

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

## PRELIMINARY STATEMENT

1.      This is a civil rights action to recover money damages arising out of Defendants'

violation of Plaintiff, MOSHE CHALOUH's, rights as secured by the Civil Rights Act, 42 U.S.C.

Section 1985(3), 42 U.S.C. Section 1983, the rights secured by the First, Fourth, Fifth, Ninth and

Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

Plaintiff was unlawfully arrested and prosecuted by the Defendants. Plaintiff was deprived of his federal constitutional and state common law rights when the individually-named police officer defendants, acting on behalf of the municipal defendants, unlawfully approached, stopped, frisked, arrested, assaulted and confined Plaintiff without legal authority to do so.

## JURISDICTION AND VENUE

2.      This civil rights action raises federal questions under the United States Constitution, specifically the First, Fourth and Fourteenth Amendments and is brought pursuant to 42 U.S.C. §§ § 1983 and 1985(3).

3.      This Court has jurisdiction over Plaintiffs' federal claims under U.S. Const., Art. III., Sec. 2, and under 28 U.S.C. §§ 1331, 1343.

4.      This Court has authority to award damages under 28 U.S.C. § 1343, and reasonable attorney fees and costs under 42 U.S.C. § 1988.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(a) and (b) because, upon information and belief, all defendants are located within this District and the events, acts or omissions giving rise to the claims occurred in this District.

## PARTIES

6.      Plaintiff MOSHE CHALOUH is a resident of the State of New York and Kings County within the Eastern District of New York.

7.      All police officers mentioned herein were at all times relevant herein, officers, employees, and agents of the NEW YORK CITY POLICE DEPARTMENT (NYPD) and the CITY OF NEW YORK, and were at all times relevant to this case, acting under color of law and authority as police officers.

8.      Defendant Police Officer JAMES BORRERO (Tax ID 973962, Shield No. 2324), at all times relevant herein, worked for the NYPD and was, at all times relevant herein, an officer,

employee, and agent of the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

9.      Defendant Police Officer AALIYAH CARD (Tax ID 964969, Shield No. 27054), at all times relevant herein, worked for the NYPD and, at all times relevant herein, was an officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

10.      Defendant Police Officer LOUIS VANNUCCI (Tax ID 959330, Shield No. 19072), at all times relevant herein, worked for the NYPD and, at all times relevant herein, was an officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

11.      Defendant Police Officer PEDRO LOPEZ (Tax ID 950777, Shield No. 18366), at all times relevant herein, worked for the NYPD and, at all times relevant herein, was an officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

12.      Defendant Police Officer NICHOLAS ROSADO (Tax ID 970161, Shield No. 18688), at all times relevant herein, worked for the NYPD and, at all times relevant herein, was an officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

13.      Defendant Police Officer ANTONIO MEYERS (Tax ID 966715, Shield No. 08696), at all times relevant herein, worked for the NYPD and, at all times relevant herein, was an officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

14.     Defendant Police Officer RYAN THATCHER (Tax ID 973804, Shield No. 03463), at all times relevant herein, worked for the NYPD and, at all times relevant herein, was an officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

15.     Defendant Detective TIMOTHY COMMANDER (Tax ID 960385, Shield No. 06072), at all times relevant herein, worked for the NYPD and, at all times relevant herein, was an officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

16.     Defendant Police Officer HECTOR SANTINI (Tax ID 947296, Shield No. 02205), at all times relevant herein, worked for the NYPD and, at all times relevant herein, was an officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

17.     Defendant Police Officer ALI AHMED (Tax ID 960131, Shield No. 14014), at all times relevant herein, worked for the NYPD and, at all times relevant herein, was an officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

18.     Defendant Police Officer BRENT CASTILLO (Tax ID 971006, Shield No. 25982), at all times relevant herein, worked for the NYPD and, at all times relevant herein, was an officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

19.     Defendant Police Officer BRENDAN FINNIGAN (Tax ID 963031, Shield No. 22644), at all times relevant herein, worked for the NYPD and, at all times relevant herein, was an

officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

20.     Defendant Detective MATTHEW COFFARO (Tax ID 969593, Shield No. 03042), at all times relevant herein, worked for the NYPD and, at all times relevant herein, was an officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

21.     Defendant Police Officer ANTHONY CARAVANA (Tax ID 963432, Shield No. 04908), at all times relevant herein, worked for the NYPD and, at all times relevant herein, was an officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

22.     Defendant Sergeant STANISLAV KUSHNIR (Tax ID 947764, Shield No. 02359), at all times relevant herein, worked for the NYPD and, at all times relevant herein, was an officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

23.     Defendant Police Officer RIDHWANUL RABBE (Tax ID 969307, Shield No. 25619), at all times relevant herein, worked for the NYPD and, at all times relevant herein, was an officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

24.     Defendant Police Officer TRAVIS ANDREU (Tax ID 963375, Shield No. 963375), at all times relevant herein, worked for the NYPD and, at all times relevant herein, was an officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

25.     Defendant Police Officer DAHUAN LI (Tax ID 963118, Shield No. 20848), at all times relevant herein, worked for the NYPD and, at all times relevant herein, was an officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

26.     Defendant Police Officer JOSEPH GRAZIADIO (Tax ID 966605), at all times relevant herein, worked for the NYPD and, at all times relevant herein, was an officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

27.     Defendant Detective JASEN E PEREZ (Tax ID 949470), at all times relevant herein, worked for the NYPD and, at all times relevant herein, was an officer, employee, and agent of the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

28.     The above-mentioned individual police officers are being sued in their individual capacity and official capacity.

29.     At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  The individual defendants were acting for and on behalf of Defendants NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NEW YORK CITY POLICE DEPARTMENT and incidental to the lawful pursuit of their duties as officers, employees and agents of the NEW YORK CITY POLICE DEPARTMENT.

30.     At all times relevant hereto, defendant CITY OF NEW YORK, operated, maintained, managed, supervised and controlled the Defendant NEW YORK CITY POLICE DEPARTMENT (NYPD) as part of and in conjunction with its municipal function.  Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which the CITY OF NEW YORK is ultimately responsible.  The defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NEW YORK CITY POLICE DEPARTMENT.

31.     At all times relevant hereto, defendant NEW YORK CITY POLICE DEPARTMENT was and is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to operate as a police department, whose duty it is to enforce New York State Law within the City of New York.  The defendant NEW YORK CITY POLICE DEPARTMENT assumes the risks incidental to the maintenance of said police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NEW YORK CITY POLICE DEPARTMENT.

32.     Plaintiff in furtherance of his State causes of action, filed a timely Notice of Claim upon the CITY OF NEW YORK in compliance with Municipal Law Section 50 relative to his pendent state law claims.

33.     On March 14, 2024, a hearing pursuant to section 50(h) of the New York State Municipal Law of Plaintiff was conducted.  Thus, Plaintiff has complied with section 50(h) and is permitted to bring pendent state law claims.

34.    More than thirty (30) days have elapsed since service of said Notice of Claim was filed and the CITY OF NEW YORK has failed to pay or adjust the claim.

## STATEMENT OF FACTS

35.    On October 15, 2023, at approximately 10:00 AM, Plaintiff was operating his motor vehicle in the Bronx, New York City, State of New York, when he was carjacked at gunpoint.

36.    Shortly thereafter, that same day, Plaintiff reported the robbery to the NYPD.

37.    Specifically, upon information and belief, Plaintiff reported the robbery to Defendants Police Officers TRAVIS ANDREU and DAHUAN LI who were, at the time, upon information and belief, assigned to the 44th Precinct in the Bronx, City of New York, State of New York, the precinct with jurisdiction over the area where Plaintiff was robbed.

38.    Defendants ANDREU and LI and other named and unnamed officers, employees, and agents of the Defendant NEW YORK CITY POLICE DEPARTMENT caused a Complaint Report, Complaint Report No. 2023-044-13374, to be filed with the NYPD related to the robbery of Plaintiff and theft of his vehicle.

39.    On the same day, the investigation into this robbery was assigned to Defendants Police Officer JOSEPH GRAZIADIO, who, at the time, was assigned to the Detective Squad of the 44th Precinct and Detective JASEN E PEREZ, a detective then assigned to the NYPD's Robbery Squad.  Both Defendant GRAZIADIO and PEREZ undertook, jointly and severally, the investigation into the robbery of Plaintiff including, but not limited to, communicating with Plaintiff.

40.    As a result of the filing of said Complaint Report, shortly after Plaintiff reported the robbery to the NYPD and its officers, employees and agents, said reporting resulted in an "alarm" being placed on Plaintiff's vehicle.

41.     Upon information and belief, an "alarm" is a computer notification to all police officers indicating that Plaintiff's vehicle had been stolen.  Thus, upon any NYPD officer coming across said vehicle and querying the license plate number in the NYPD computer database, such officer will immediately become alerted to the fact that the vehicle had been reported stolen.  Upon information and belief, an alarm also causes the NYPD to receive a notification when said vehicle is scanned by an NYPD License Plate Reader (LPR), which are located at various stationary points throughout the City of New York as well as on countless NYPD vehicles that patrol the streets of the City of New York.

42.     Upon information and belief, information related to the alarm placed on Defendant's vehicle includes, but is not limited to, the name of the reporting witness, the name of the victim, the lawful, true owner of the stolen vehicle, the manner and circumstances surrounding its theft and other information.  The information associated with the alarm is easily accessible by all NYPD officers simply by accessing the NYPD's computer database and upon viewing the alarm and associated information.

43.     Upon information and belief, in addition to containing information regarding stolen car "alarms" such as the one issued in the instant case, the NYPD's computer database also contains information regarding any vehicle registered in the State of New York (or other states). This vehicle information includes, but is not limited to, who the lawful owner of a vehicle is, to whom a vehicle is registered, whether and when such registration occurred, and whether and by whom a vehicle is insured.  Said NYPD database also contains information as to whether a motorist is properly licensed.

44.     Upon information and belief, NYPD officers routinely rely on queries of this NYPD computer database in the normal course of police business including, but not limited to, every time a car stop is conducted.

45.     Upon information and belief, this NYPD computer database is updated in real-time through the connectivity of the NYPD's database with the internet and NYPD network.

46.     Upon information and belief, all police officers have access to said database through their NYPD Department-issued cell phones and other computers, tablets and devices located in NYPD facilities and vehicles.  Upon information and belief, all such devices are connected to the NYPD network and are all updated in real-time with the latest information input into the NYPD's database.

47.     On the evening of October 15, 2023, NYPD officers located Plaintiff's vehicle within the confines of the 40th Precinct in the Bronx, New York.

48.     The NYPD processed the vehicle for DNA evidence and other evidence.

49.     Thereafter, on the same evening, after the alarm had been placed and the vehicle was located and processed for DNA, Plaintiff was contacted by members of the NYPD, who informed Plaintiff that his vehicle had been located and that he should come pick it up.

50.     Pursuant to these instructions from officers, employees, agents and servants of the NYPD, on the evening of October 15, 2023, Plaintiff caused for his vehicle to be retrieved from the location in the Bronx, where it had been located by members of the NYPD.

51.     Thereafter, inexplicably, the assigned investigators to this case, Defendants ANDREU, LI, GRAZIADIO, PEREZ and other unnamed members, officers, employees, agents and servants of Defendant NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW

YORK, failed to cancel the alarm on Plaintiff's vehicle despite the fact that the vehicle had been recovered and returned to Plaintiff.

52.    Upon information and belief, Defendants ANDREU, LI, GRAZIADIO, PEREZ and other unnamed members, officers, employees, agents and servants of Defendant NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK knew or should have known that said vehicle had been recovered and returned to Plaintiff.

53.    Upon information and belief, Defendants ANDREU, LI, GRAZIADIO, PEREZ and other unnamed members, officers, employees, agents and servants of Defendant NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK were under a duty to immediately cancel the alarm on Plaintiff's vehicle upon said vehicle being located and returned to Plaintiff.

54.    Upon information and belief, Defendants ANDREU, LI, GRAZIADIO, PEREZ and other unnamed members, officers, employees, agents and servants of Defendant NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK knew or should have known that their failure to immediately cancel the alarm on Plaintiff's vehicle prior to said vehicle being returned to Plaintiff could cause Plaintiff to be unlawfully stopped, seized, searched and arrested while otherwise lawfully operating said vehicle.

55.    Upon information and belief, Defendants ANDREU, LI, GRAZIADIO, PEREZ and other unnamed members, officers, employees, agents and servants of Defendant NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK inexplicably failed to immediately cancel the alarm on Plaintiff's vehicle upon said vehicle being located and returned to Plaintiff despite being aware of the potential adverse consequences that could befall Plaintiff.

56.    Upon information and belief, had said Defendants immediately cancelled the alarm on Plaintiff's vehicle upon it being located, recovered and returned to him, such cancellation of

the alarm would have been immediately updated in NYPD's computer database and the updated information would have been accessible to all NYPD officers who queried Plaintiff's vehicle in said database. Furthermore, Plaintiff's vehicle would not show as "stolen" upon said vehicle being scanned by an NYPD License Plate Reader.

57. The following day, on October 16, 2023, at approximately 6:15 p.m., Plaintiff was lawfully operating his vehicle – the same one that had been stolen the day before and recovered and returned to him by the NYPD on the same day – on the Belt Parkway in Brooklyn, New York, within the Eastern District of New York, State of New York.

58. Plaintiff was surrounded by several NYPD vehicles and ordered to pull over, an order with which Plaintiff complied. Plaintiff was then forcibly removed from his vehicle at gunpoint and handcuffed by several officers, including Defendants COMMANDER, BORRERO, CARD, VANNUCCI, LOPEZ, ROSADO, MEYERS, THATCHER, SANTINI, AHMED, CASTILLO, FINNIGAN, COFFARO, CARAVANA, RABBE and SGT. KUSHNIR.

59. During said arrest, said Defendants broke Plaintiff's car window with a baton or other implement, dragged Plaintiff on the ground and caused him physical injuries, including, but not limited to, scratches, bruises, abrasions, cuts and other serious physical injuries.

60. At no point during this arrest did Plaintiff resist arrest or take any efforts to avoid arrest or avoid being handcuffed.

61. Immediately upon being stopped, Plaintiff informed Defendants COMMANDER, BORRERO, CARD, VANNUCCI, LOPEZ, ROSADO, MEYERS, THATCHER, SANTINI, AHMED, CASTILLO, FINNIGAN, COFFARO, CARAVANA, RABBE and SGT. KUSHNIR, that he was, in fact, the rightful and lawful owner of said vehicle and that it was *him* who had reported the vehicle stolen the day before.

62.     Upon information and belief, this exculpatory information provided by Plaintiff could have been easily verified by said Defendants by merely querying their NYPD-issued cellphones or tablets, which they had with them on scene and which, upon information and belief, were operable at the time and connected to the NYPD network and internet.

63.     Indeed, upon information and belief, said Defendants did, in fact, query the NYPD database and knew or should have known that Plaintiff was listed in said database as being both the victim and reporter of the carjacking the day before that was the reason for the "alarm" on Plaintiff's vehicle in the first instance.  Moreover, upon information and belief, said Defendants knew or should have known what Plaintiff's true name was because said Defendants obtained Plaintiff's name, pedigree information and identification immediately upon stopping, seizing and arresting him.

64.     Nonetheless, despite being presented with obvious, incontrovertible and easily verifiable exculpatory information that Plaintiff was in lawful possession of said vehicle, said Defendants, acting under color of law and in their personal and official capacities as law enforcement officers and officers, servants, agents and employees of the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, inexplicably, unreasonably, unlawfully and unconstitutionally persisted with their arrest of Plaintiff and removed him from the scene of the arrest to the 68th Precinct in handcuffs.

65.     Upon information and belief, all of said Defendants involved in the unlawful arrest of Plaintiff knew or should have known that Plaintiff was in lawful possession of the vehicle within seconds of Plaintiff being removed from the vehicle and yet they ignored the obvious exculpatory information and persisted in taking unlawful police action against Plaintiff despite being in possession of incontrovertible, exculpatory information.

66.     Thereafter, Plaintiff was removed from the scene of the car stop and detained, imprisoned and held for an unreasonable period of time at the 68th Precinct.

67.     Before Plaintiff was lodged in the cells at the precinct, Plaintiff was again unconstitutionally searched in an invasive, humiliating, unlawful and unconstitutional manner by said Defendants.

68.     Thereafter, after being falsely, improperly and unconstitutionally imprisoned at the precinct for an unreasonable period of time, Plaintiff was released from the precinct.

69.     Upon information and belief, no additional substantive investigation was conducted by the NYPD once Plaintiff was brought to the Precinct than what had already been done at the scene of the arrest or that could not have been conducted at the scene of the arrest without having to imprison Plaintiff without legal justification and bring him to the precinct.

70.     Given the forgoing, the police conduct in this case was intentional, reckless, grossly wonton, grossly negligent, careless, incompetent, unlawful and unconstitutional.  Plaintiff's arrest was without any justification, legal right, reasonable suspicion, probable cause or other legal authority.

71.     As a result of the above actions of the police in this case, Plaintiff was caused to sustain, *inter alia*, bruising, lacerations, abrasions, embarrassment, humiliation, severe phycological and emotional harm, loss of liberty, deprivation of constitutional rights, and other serious physical injuries.

72.     Some of the named Defendant-Officers observed the violations of Plaintiff's rights under the Constitution of the United States and New York State Law and did nothing to prevent these violations.

## **FIRST CAUSE OF ACTION**

**42 U.S.C. §1985(3) – Conspiracy to Violate Plaintiff's Rights Secured by the First, Fourth, Fifth, Ninth and Fourteenth Amendment to the United States Constitution**

73.     The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 72 with the same force and effect as if more fully set forth at length herein.

74.     All of the aforementioned Defendants, acting under color of state law, conspired to violate Plaintiff's Civil Rights by agreeing among themselves to all of the foregoing unlawful acts and omissions, including, but not limited to, the unlawful approach, stop, question, frisk, wrongful and unlawful arrest, and malicious prosecutions of Plaintiff and to commit abuse of process, to ignore exculpatory information and to not produce exculpatory evidence against Plaintiff in a timely manner.

75.     This conspiracy by Defendants and all acts in furtherance thereof, while acting under color of law, deprived Plaintiff of rights, privileges and immunities secured by the Constitution and Laws of the United States, including, but not limited to, those rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, including, but not limited to,  the following deprivation of constitutional rights, privileges and immunities in that:

a)  Plaintiff was denied his right to free speech;

b)  Plaintiff was denied his constitutional right not to be deprived of liberty without due process of law;

c)  Plaintiff was denied his right to constitutional substantive and procedural due process;

d) Plaintiff was denied the equal protection of the laws;

e) Plaintiff was denied his constitutional right to be free from unlawful and unreasonable searches and seizures; and

f) Plaintiff was deprived to his right to liberty;

76.    To the extent that any of these constitutional deprivations require a showing of specific intent and/or motive, the individual defendants acted intentionally, maliciously, with racially and ethnically discriminatory motives and/or with reckless disregard for the natural and probable consequences of their acts.

77.    As a result of the aforementioned conspiracy, unlawful acts, and omissions, conducted without lawful justification by Defendants, Plaintiff sustained injuries, including but not limited to, emotional and psychological distress, embarrassment and humiliation, economic, and monetary damages, loss of the right to due process and a fair trial, loss of liberty, and deprivation of his constitutional rights, all of which are guaranteed under 42 U.S.C. § 1985(3) and the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution.

## SECOND CAUSE OF ACTION

**42 U.S.C. § 1983 – Unlawful Stop, Question, Frisk, Search and Arrest (Fourth Amendment and Fourteenth Amendment to the United States Constitution)**

78.    The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 77 with the same force and effect as if more fully set forth at length herein.

79.    The illegal approach, stop, questioning, frisk, search and arrest employed by the individual Defendants acting on behalf of the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT herein terminated Plaintiff's freedom of movement and liberty through means intentionally applied.

80.     The conduct of defendants in approaching, stopping, frisking, searching and arresting Plaintiff were performed under color of law and without any reasonable suspicion of criminality or other constitutionally-required grounds.

81.     As a direct and proximate result of such acts of said Defendants, Plaintiff was deprived of his rights under the laws of the United States Constitution and protected by 42 U.S.C. § 1983.

82.     The individually named Defendants were at all times agents, servants, and employees acting within the scope of their employment by the Defendants CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

83.     The CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

84.     As a result of the aforementioned unlawful acts and omissions, conducted without lawful justification by Defendants, Plaintiff sustained injuries, including but not limited to, emotional and psychological distress, embarrassment and humiliation, economic, and monetary damages, loss of the right to due process and a fair trial, loss of liberty, and deprivation of his constitutional rights, all of which are guaranteed under 42 U.S.C. § 1983 and the United States Constitution.

## **THIRD CAUSE OF ACTION**

**42 U.S.C. § 1983 – Violation of Plaintiff's Fifth and Fourteenth Amendment Rights to Due Process**

85.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 84 with the same force and effect as if more fully set forth at length herein.

86.    Defendants, individually and collectively, ignored exculpatory information, manufactured false evidence, withheld exculpatory evidence, provided misleading accounts and created misleading reports.

87.    As a result of these actions, the Defendant caused the filing and maintenance of false and unfounded criminal charges against Plaintiff.

88.    As a result of the aforementioned conduct of said Defendants, Plaintiff sustained injuries, including but not limited to emotional and psychological, emotional distress, embarrassment and humiliation, economic, and monetary damages, loss of the right to due process and a fair trial, loss of liberty, and deprivation of his constitutional rights.

89.    The individual named Defendants were at all times agents, servants, and employees acting within the scope of their employment by the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

90.    The CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

91.    As a result of the aforementioned unlawful acts and omissions, conducted without lawful justification by Defendants, Plaintiff sustained injuries, including but not limited to, emotional and psychological distress, embarrassment and humiliation, economic, and monetary damages, loss of the right to due process and a fair trial, loss of liberty, and deprivation of his

constitutional rights, all of which are guaranteed under 42 U.S.C. § 1983 and the United States Constitution.

## FOURTH CAUSE OF ACTION

### Pendant State Common Law Claim – False Arrest and False Imprisonment

92.    The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 92 with the same force and effect as if more fully set forth at length herein.

93.    The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York.

94.    Defendants intended to confine plaintiff and, in fact, confined Plaintiff, and Plaintiff was conscious of the confinement.

95.    In addition, Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

96.    As a direct and proximate result of such acts, defendants deprived plaintiff of his rights under the laws of the State of New York and the United States Constitution.

97.    Defendants were at all times agents, servants, and employees acting within the scope of their employment by the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

98.    The CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

99.    As a result of the aforementioned unlawful acts and omissions, conducted without lawful justification by Defendants, Plaintiff sustained injuries, including but not limited to, emotional and psychological distress, embarrassment and humiliation, economic, and monetary

damages, loss of the right to due process and a fair trial, loss of liberty, and deprivation of his constitutional rights, all of which are guaranteed under New York State law.

## **FIFTH CAUSE OF ACTION**

**Pendant State Common Law Claim – Negligent Infliction of Emotional Distress**

100.    The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 99 with the same force and effect as if more fully set forth at length herein.

101.    By the actions described herein, defendants, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York and the United States Constitution.

102.    The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York and the United States Constitution.

103.    As a direct and proximate result of such acts, defendants deprived plaintiff of her rights under the laws of the State of New York and the United States Constitution.

104.    The individually-named Defendants were at all times agents, servants, and employees acting within the scope of their employment by the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

105.    The CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

106.    As a result of the aforementioned unlawful acts and omissions, conducted without lawful justification by Defendants, Plaintiff sustained injuries, including but not limited to, emotional and psychological distress, embarrassment and humiliation, economic, and monetary damages, loss of the right to due process and a fair trial, loss of liberty, and deprivation of his constitutional rights, all of which are guaranteed under New York State law.

## SIXTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

107.    The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 106 with the same force and effect as if more fully set forth at length herein.

108.    The CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train, and supervise the individual defendants, individuals who were unfit for the performance of police duties on the aforementioned dates at the aforementioned locations.

109.    As a result of the aforementioned unlawful acts and omissions, conducted without lawful justification by Defendants, Plaintiff sustained injuries, including but not limited to, emotional and psychological distress, embarrassment and humiliation, economic, and monetary damages, loss of the right to due process and a fair trial, loss of liberty, and deprivation of his constitutional rights, all of which are guaranteed under New York State law.

## SEVENTH CAUSE OF ACTION

### Failure to Intervene

110.    The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 109 with the same force and effect as if more fully set forth at length herein.

111.    The defendants who did not physically touch plaintiff, but were present when other officers violated Plaintiff's Constitutional Rights, had an affirmative duty to intervene on behalf of plaintiff, whose State and Federal constitutional rights were being violated in their presence by other officers.

112.    Said Defendants failed to intervene to prevent the unlawful conduct described herein.

113.    As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, physically injured, and he was humiliated and subject to other physical constraints.

114.    As a direct and proximate result of such acts, defendants deprived plaintiff of his rights under the laws of the State of New York and the United States.

115.    Defendants were at all times agents, servants, and employees acting within the scope of their employment by the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

116.    The CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

117.    As a result of the aforementioned unlawful acts and omissions, conducted without lawful justification by Defendants, Plaintiff sustained injuries, including but not limited to,

physical injuries, emotional and psychological distress, embarrassment and humiliation, economic, and monetary damages, loss of the right to due process and a fair trial, loss of liberty, and deprivation of his constitutional rights, all of which are guaranteed under New York State law.

## TIMELINESS OF PLAINTIFF'S CLAIMS

118.    The applicable statute of limitations for Plaintiff's claims is 1 year and 90 days or 455 days.  *See* CPLR § 217-A.

119.    All claims brought herein are within the applicable statute of limitations.

## JURY DEMAND

120.    Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff MOSHE CHALOUH demands judgment and prays for the following relief, jointly and severally, against Defendants:

1) Special and Compensatory damages in an amount to be determined upon the trial of the action;

2) Punitive damages in an amount to be determined upon the trial of the action;

3) Reasonable attorneys' fees, costs and disbursements of the action pursuant 42 U.S.C. § 1988, Fed. R. Civ. P. 54, and any other applicable law;

4) Interest upon any monetary award made in this case; and

5) Such other and further relief as the Court deems just and proper.

Dated: June 27, 2025

New York, New York

/s/ JOSEPH Z. AMSEL, ESQ.
LAW OFFICES OF JOSEPH Z. AMSEL, PLLC

*Attorney for Plaintiff*
43 West 43rd Street, Suite 265
New York, NY 10036
Office: 888-558-7425
Fax: 212-437-9844
JZAmsel@AmselLaw.com